IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL D. JONES,

  Plaintiff,

      v.

EVRAZ INC N.A., et al,

  Defendants.

Civil Action No.
1:18-cv-04519-SDG

## ORDER

This matter is before the Court regarding a dispute between the parties as to the proper scope of discovery in this case under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 *et seq*.

## I. BACKGROUND

On September 27, 2018, Plaintiff filed his Complaint, alleging Defendants wrongfully terminated, and subsequently failed to pay, him benefits to which he was entitled under Defendants' pension plan [ECF 1 ¶¶ 65–69]. Plaintiff also alleges that Defendants breached their fiduciary duties by failing to comply with ERISA's notice provisions [ECF 1 ¶¶ 70–76].

On October 17, 2019, pursuant to the Court's Standing Order and at Plaintiff's request, the Court held a conference call with the parties to resolve multiple outstanding discovery disputes [ECF 46]. During this call, Defendants

argued that discovery should be limited solely to the evidence contained in the administrative record to which the plan administrators had access when denying Plaintiff's pension plan claim [ECF 46]. Plaintiff disagreed. In his view, discovery should be expanded beyond the administrative record to conform with the standard set out in Federal Rule of Civil Procedure 26 [ECF 46].

The Court ordered briefing on the proper scope of discovery in this case [ECF 46]. Pursuant to the Court's Order, Defendants filed their memorandum of law ("Defendants' Memorandum") on October 24, 2019 [ECF 47]. Plaintiff timely filed his response on October 31, 2019 ("Plaintiff's Memorandum") [ECF 49].

## II.    DISCUSSION

### a.    The Standard of Review of a Plan Administrator's Decision Under ERISA

The scope of discovery in an ERISA case is determined by the standard of review a court must use to analyze a plan administrator's decision, rather than Federal Rule of Civil Procedure 26(b). *Wells v. Unum Life Ins. Co. of Am.*, 593 F. Supp. 2d 1303, 1305 (N.D. Ga. 2008). The ERISA statute itself "does not set forth a standard of review for challenges to decisions of plan administrators." *Miller v. Bank of Am. Corp.*, 401 F. Supp. 2d 1372, 1374 (N.D. Ga. 2005). To determine the standard of review, a court must look to "whether the plan documents grant the claims administrator discretion to interpret disputed terms." *Id.* (*citing HCA*

*Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F. 3d 982, 993 (11th Cir. 2001)).

This Court has held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefits plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Metro. Life Ins. Co. v. Waddell*, 194 F. Supp. 3d 1340, 1349 (N.D. Ga. 2016) (*citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)). When a plan administrator is "vested with discretion in reviewing claims," then a court must apply the "more deferential arbitrary and capricious standard." *Id.*

The express terms of the 2010 Restatement of the Pension Plan for Employees of Evraz Inc. NA ("Plan"), which covered Plaintiff, provides the plan administrator with discretionary authority to review and resolve claims:

> The Plan shall be administered by an Administrative Committee. . . . The Administrative Committee shall interpret the Plan, shall decide any questions about the rights of Participants and their beneficiaries and in general shall administer the Plan. . . . Any decision by a Committee shall be final and bind all parties. Each

> Committee shall have absolute discretion to carry out its
> responsibilities.[1]

[ECF 1-1, at 37 §§ 7.01–7.02]. The parties do not dispute that the Administrative Committee had discretionary authority to interpret the terms of the Plan and Plaintiff's eligibility for benefits. Thus, the Court must apply an arbitrary and capricious standard of review to the Administrative Committee's decision to deny Plaintiff's claim for benefits under the Plan.

    **b.**    **The Proper Scope of Discovery in ERISA Cases Under an Arbitrary and Capricious Standard of Review**

Under an arbitrary and capricious standard of review, a court "must examine the facts as known to the administrator at the time the decision to deny benefits was made to determine whether the administrator's decision was reasonable." *Adams v. Hartford Life & Acc. Ins. Co.*, 589 F. Supp. 2d 1366, 1367 (N.D. Ga. 2008) (internal citations omitted). Generally, when courts apply this deferential standard of review, they limit the scope of discovery solely to the administrative record and the evidence that was available to the plan administrator at the time the decision to deny benefits was made. *Blankenship v. Metro. Life Ins. Co.*, 644 F. 3d 1350, 1354 (11th Cir. 2011) ("Review of the plan

---

[1]   Capitalized terms not defined herein have the same meaning as used in the Plan.

administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision" under arbitrary and capricious standard) (*citing Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989)); *Glazer v. Reliance Standard Life Ins. Co.*, 524 F. 3d 1241, 1246 (11th Cir. 2008) ("When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard (sometimes used interchangeably with an abuse of discretion standard), the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made."); *Wells*, 593 F. Supp. 2d at 1305 (under the arbitrary and capricious standard, "the Court generally may consider only evidence that was before the plan administrator . . . discovery outside the administrative record ordinarily is inappropriate").

Since the Plan provides the Administrative Committee with the discretion to make eligibility determinations, Plaintiff would be limited to the evidence contained in the administrative record without further discovery. However, in an effort to expand the scope of discovery, Plaintiff's Memorandum argues that (1) "the Court should allow Plaintiff to conduct discovery beyond the administrative record to the extent it relates to the existence and extent of the Administrative Committee's conflict of interest," and (2) "Plaintiff's claim for

breach of fiduciary duty . . . is a claim separate and apart from Plaintiff's claim for wrongful denial of immediate payment of plan benefits and does not require the Court's review of a quasi-judicial decision." [ECF 49, at 5 (emphasis removed).]

> ### i.   The Effect of an Alleged Conflict of Interest on the Scope of Discovery in ERISA Cases Under an Arbitrary and Capricious Standard of Review

The Supreme Court has held that, if "a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). The Supreme Court's decision in *Glenn* overturned prior Eleventh Circuit case law and left a "circuit-split on the permissible scope of discovery in an ERISA action where a conflict of interest issue has been raised." *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 411 (N.D. Ga. 2009).[2]

---

[2]   Commenters have noted that "[a] careful reading of *Glenn* reveals that it did not address the scope of discovery in ERISA cases. Nevertheless, *Glenn* has emboldened plaintiffs to now seek discovery in benefits denial cases, particularly on matters relating to purported conflicts of interest. . . . The scope of permissible discovery will be determined by the trial court on a case-by-case basis." LIFE AFTER METROPOLITAN LIFE INSURANCE COMPANY V. GLENN: STANDARD OF REVIEW QUESTIONS ANSWERED, DISCOVERY QUESTIONS RAISED, AND OTHER MATTERS, at 67–70 (Am. Law Inst. 2009).

Neither the Supreme Court nor the Eleventh Circuit has yet clarified the proper scope of discovery under these circumstances. *Hepworth v. Cigna Corp.*, No. 1:10-CV-1025-ODE, 2010 WL 11598145, at \*3 (N.D. Ga. Nov. 17, 2010) ("Post-*Glenn*, the federal circuits have split as to the permissible scope of discovery in an ERISA action in which the effect of a conflict of interest is at issue. . . . The United States Court of Appeals for the Eleventh Circuit has not yet ruled on the matter, and district courts within the Circuit are split on whether *Glenn* expands the scope of discovery where there is a question about the effect of a plan administrator's conflict of interest."); *Traina v. Metro. Life Ins. Co.*, No. 1:05-CV-2843-BBM, 2006 WL 8432889, at \*4 (N.D. Ga. May 31, 2006) ("Neither of the parties nor the court has identified any controlling precedent with the respect to the scope of discovery in an ERISA benefits action."); *Miller v. Bank of Am. Corp.*, 401 F. Supp. 2d 1372, 1378 (N.D. Ga. 2005) ("The Eleventh Circuit has provided little guidance regarding the proper scope of discovery in cases applying the heightened arbitrary and capricious standard of review."). This confusion has led to a variety of decisions from this Court. *Compare Wells*, 593 F. Supp. 2d at 1306 (denying plaintiffs' request for discovery outside administrative record where plaintiff failed to make showing of why discovery was warranted), *with Mattox v. Life Ins. Co. of N. Am.*, 625 F. Supp. 2d 1304, 1309–10 (N.D. Ga. 2008) (permitting

expansion of discovery beyond administrative record on conflict of interest issues); *Adams*, 589 F. Supp. 2d at 1367 (same); *Allen*, 267 F.R.D. at 411 (same).

Despite the murky state of the law, two clear principles have emerged. First, a "pertinent conflict of interest exists where the ERISA plan administrator both makes eligibility decisions and pays awarded benefits out of its own funds." *Blankenship*, 644 F.3d at 1355 (*citing Glenn*, 554 U.S. at 111); *Wells*, 593 F. Supp. 2d at 1305 ("If a plan administrator both evaluates claims for benefits and pays benefits claims, the plan administrator is operating under a conflict of interest.").

Second, "[e]ven where a conflict of interest exists, courts still owe deference to the plan administrator's discretionary decision-making as a whole." *Blankenship*, 644 F.3d at 1355 (11th Cir. 2011) (internal citations omitted). The "standard of review does not change from deferential to *de novo* review;" instead, "conflicts are but one factor among many that a reviewing judge must take into account." *Wells*, 593 F. Supp. 2d at 1305. The conflict "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, but . . . should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy." *Acree v. Hartford Life & Acc. Ins. Co.*, 917 F. Supp. 2d 1296, 1315 (M.D. Ga. 2013) (*citing Glenn*, 554 U.S. at 117).

Plaintiff's Memorandum alleges that Defendants operated under a conflict of interest because "the committee of persons appointed by the chief executive officer of EVRAZ has been granted the authority to make determinations regarding the rights of participants in a benefits plan paid out of its own assets." [ECF 49, at 4.] This conflict allegedly influenced the Administrative Committee's decision to ignore certain evidence and caused a "total failure to investigate Plaintiff's claims." [ECF 49, at 4.]

As Plaintiff concedes, however, his Memorandum is the first time he has alleged that the Administrative Committee operated under a conflict of interest when they denied his benefits under the Plan [ECF 49, at 4 n.1]. While Plaintiff now claims that "Defendants' Answer and responses to discovery requests have raised the issue," this is not persuasive. The gravamen of Plaintiff's complaint addressed during the October 17, 2019 conference call was that Defendants have generally *not* responded to or participated in discovery beyond asserting boilerplate objections [ECF 49, at 4 n.1]. Plaintiff's Complaint itself is devoid of any allegation of a conflict of interest.

Without more, the conclusory allegations in Plaintiff's Memorandum are insufficient to support an expanded scope of discovery based on an alleged conflict. There are no allegations in the Complaint concerning the extent to which

that conflict influenced the decision to deny Plaintiff's claim for benefits under the Plan or whether Defendants failed to take steps to insulate their decision from a potential conflict. Even assuming the truth of Plaintiff's current contentions, Defendants' appointment of members to an independent Administrative Committee, and vesting that committee with the discretion to make eligibility determinations, does not constitute the same clear conflict of interest confronted by the *Blankenship* and *Wells* courts. *See Blankenship*, 644 F.3d at 1355; *Wells*, 593 F. Supp. 2d at 1305; *see also Simpson v. Prudential Ins. Co. of Am.*, No. 1:08-CV-2400-CAP-RGV, 2009 WL 10666358, at *19 (N.D. Ga. Aug. 14, 2009) (declining to expand discovery beyond administrative record because plaintiff only alleged structural conflict of interest and did not make threshold showing that denial of benefits was influenced by conflict of interest).

As a result, and applying an arbitrary and capricious standard of review, Plaintiff is currently limited to the evidence contained in the administrative record.

### ii. The Scope of Discovery for Breach of Fiduciary Duty Claims in an ERISA Case

Plaintiff also argues that his "claim for breach of fiduciary duty regarding Defendants' failure to provide requisite notice of plan eligibility, amendments, and annual funding" permits an expanded scope of discovery because that claim is "separate and apart from Plaintiff's claim for wrongful denial of immediate

payment of plan benefits." [ECF 49, at 5.] Plaintiff cites four district court cases, two of which are unpublished, from different circuits for the general proposition that "[c]ourts are not required to give deference to plan committees or fiduciaries in [§ 1132(a)(3)] actions and therefore limitations to the administrative record are not required." *Jensen v. Solvay Chemicals, Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007). *See also Mainieri v. Bd. of Trustees of Operating Engineer's Local 825 Pension Fund*, No. CIV A 07-1133 (PGS), 2008 WL 4224924, at *4 (D.N.J. Sept. 10, 2008) ("While courts have had rare occasion to address this precise and narrow issue, the majority of them have awarded discovery beyond that contained within the administrative record.").

In *Mainieri*, the District Court of New Jersey, while allowing limited discovery on a breach of fiduciary duty issue, warned of the "potential for a Plaintiff to abuse the discovery process by requesting materials and inquiring into issues that overlap with or are central to their denial of benefits claims rather than their breach of fiduciary duty ones." *Id*. at *5. Recently, the District Court for the Middle District of Florida became the first court in this circuit to address this precise issue. It, too, permitted some limited discovery:

> Defendants' counterclaims are not claims challenging a denial of benefits, which might be subject to a narrow standard of review. Defendants bring their

> counterclaims for reimbursement under ERISA
> § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows a plan
> fiduciary to bring civil suits to obtain other appropriate
> equitable relief . . . to enforce . . . the terms of the plan.
> Because these actions do not benefit from the
> administrative process, case law does not constrain
> discovery under ERISA § 502(a)(3) actions. Indeed, many
> district courts have allowed broader discovery in actions
> under ERISA § 502(a)(3).

*Keys v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 8:18-CV-2098-T-36JSS, 2019

WL 5080572, at *2 (M.D. Fla. Oct. 10, 2019) (internal citations omitted).

In Count Two of the Complaint, Plaintiff alleges specific dates and facts in

support of his separate claim against Defendants for violation of ERISA's notice

provisions [ECF 1 ¶¶ 70–76]. In light of those properly pled allegations, but also

taking into consideration the potential for discovery abuse stemming from the

significant overlap between Plaintiff's claims for denial of benefits and breach of

fiduciary duty, the Court will permit limited discovery *only* on the breach of

fiduciary duty claim pleaded in Count Two [ECF 1 ¶¶ 70–76]. Specifically, such

discovery is limited to Plaintiff's allegations regarding Defendants' alleged failure

to fulfill their notice obligations under ERISA. Plaintiff is not permitted to seek

information regarding the underlying denial of benefits and should not seek to

improperly supplement the administrative record.

## III.    CONCLUSION

The Court **ORDERS** that Plaintiff may seek discovery of information related to his allegations that Defendants failed to provide him requisite notice under ERISA. Plaintiff is not permitted to seek any information concerning Defendants' denial of his claim for benefits under the Plan.

With regard to the discovery disputes initially raised by Plaintiff with the Court during the conference call on October 17, 2019, specifically Defendants' objections and responses to Plaintiff's interrogatories and requests for production, the parties are instructed to meet and confer concerning any remaining objections in light of this Order. If the parties cannot reach agreement on any remaining issues, Plaintiff may submit a short statement to the Court's chambers pursuant to its Standing Order to seek resolution of same.

**SO ORDERED** this the 22nd day of November 2019.

_____
Steven D. Grimberg
United States District Court Judge